UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WAMEL ALLAH,

                Plaintiff,              **Hon. Hugh B. Scott**

                                            04CV868A

                                            **Order**

       v.

J. SLAWATYCKI,
C. YANCKEEN[1],

                Defendants.

Plaintiff has filed a second motion[2] (Docket No. 31; cf. Docket Nos. 20 (motion), 22 (Order deeming motion moot)) to compel discovery of certain photographs, pursuant to Fed. R. Civ. P. 37(a)(1) and 26(a). The Court issued a briefing schedule for this motion, cognizant of the dispositive motion deadline of June 23, 2006, that was to remain; responses were due by May 31, 2006, and any reply by June 9, 2006, with the motion deemed submitted as of June 9, 2006 (Docket No. 32).

## BACKGROUND

Plaintiff, an inmate proceeding pro se, sued two Attica Correctional Facility ("Attica") officers for one of the officers (Craig Yackeren) allegedly assaulting him during a pat frisk in

---

[1] Or as spelled by plaintiff in the caption. The correct spelling is "Yackeren," Docket No. 21, Defs. Atty. Decl. ¶¶ 2, 1.

[2] In support of this motion is plaintiff's affirmation, Docket No. 31. In opposition to this motion is defendants' declaration described below in the text, Docket No. 33.

October 21, 2002 (Docket No. 1, Compl. at 5). Plaintiff alleged that he filed a grievance letter with defendant Lieutenant Slawatycki (id. at appended page A). The Court granted plaintiff in form pauperis status but dismissed the claims against Slawatycki with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) (for failure to state a claim), 1915A (screening procedure for pro se inmate litigation) (Docket No. 3), leaving Yackeren (hereinafter "defendant") as the remaining defendant. On April 25, 2005, this case was referred to the undersigned for pretrial matters (Docket No. 7). The Court issued a Scheduling Order which had motions to compel due by February 6, 2006, discovery completed by March 6, 2006, and dispositive motions initially due by May 5, 2006 (Docket No. 12), later extended to June 23, 2006 (Docket No. 29). Plaintiff later moved for leave to amend the Complaint, to reassert claims against Slawatycki (Docket No. 17, see Docket No. 14 (proposed Amended Complaint), but this Court denied that motion (Docket No. 25).

Plaintiff (as a pro se litigant, see W.D.N.Y. Loc. Civ. R. 7.1(a)(1)) filed his discovery demands, including interrogatories and request for documents (Docket No. 24), and request for production of documents and admissions (Docket Nos. 13, 27). The request for admission sought defendant to authenticate his interrogatory answers (Docket No. 27, ¶ 3). Defendant responded to these demands (Docket Nos. 25, Ans. to Interrog., 28 (document production), see also Docket No. 18, def. initial disclosure). During a May 2, 2006, status conference, the parties announced that discovery in this case was completed (Docket No. 30).

In his initial document demand (Docket No. 13), plaintiff sought production of "photographs taken of injuries by medical in emergency medical room on October 31, 2005 [sic] Attica Correctional Facility," (id. No. 5) and "photo and report filed with fire and [safety]

officials at Attica Correctional Facility" (id. No. 6), concluding that these items are "discoverable and relevant to the prosecution of this lawsuit" (id. at 3).  He also sought these photographs in his interrogatories, which sought (in the document production portion) that defendant produce "the original photos taken of plaintiff's injuries by the Attica correctional staff in the medical department on October 31, 2002, which are in the possession of the Fire & Safety Officer at the Attica Correctional Facility, and which were forwarded to Fire & Safety with the Inmate Injury Report" (Docket No. 24, Interrog. No. 17).

In his answer to plaintiff's interrogatories and document production demand, defendant made a general objection that corrections officers such as himself do not have custody or control of inmate documents, but non-party New York State Department of Correctional Services ("DOCS") was consulted to have the department produce what records it had (Docket No. 26, Def. Ans. to Interrog. ¶ 5).  Defendant answered Interrogatory 17 by stating that, subject to the general objection, no photographs were taken of plaintiff because no use of force report was created (id. Response to Interrog. 17; see Docket No. 31, Pl. Affirm. ¶ 4; Docket No. 33, Decl. of Thomas Durfee, ¶ 4) and plaintiff's medical record was previously produced (Docket No. 26, Response to Interrog. 17).  In responding to plaintiff's second demand, defendant responded that there were no documents responsive to plaintiff's interrogatory document demands (Docket No. 28, Def. Response to 2d Document Prod., Response #3), including the request for photographs.

Apparently, following the May 2, 2006, conference, plaintiff found a possible additional source for these photographs within the office of the medical department or the fire and safety officer at the Attica Correctional Facility, contending in his affirmation that "the photos are in the

full possession of the Attica's Fire and safety Officer [sic]" (Docket No. 31, Pl. Affirm. ¶ 5). Plaintiff now moves to compel their production, based upon his request within his interrogatories (id. Pl. Affirm. ¶ 3; see Docket No. 24, Interrog. No. 17). Despite the otherwise untimeliness of this motion and plaintiff's pro se status, see also Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the Court scheduled briefing for this motion (Docket No. 32).

Defendant in response submitted a declaration of Thomas Durfee, the fire and safety officer at Attica. He reported that he searched fire and safety records twice for plaintiff's purported photographs, in January 2006, and recently in response to this latest motion to compel, and could not find any photographs. (Docket No. 33, Durfee Decl. ¶¶ 3, 5.) Durfee stated that injury photographs are routinely kept with unusual incident or use of force reports (id. ¶ 4) but no such photographs were found. Plaintiff made a timely reply that he now wishes to depose Durfee by written questions (Docket No. 34), see Fed. R. Civ. P. 31.

## DISCUSSION

Production under Rule 34 seeks from a party any discovery item that is "in the possession, custody or control" of that party. Fed. R. Civ. P. 34(a)(1). Defendant himself did not have control over these photographs, as plaintiff concedes in his Interrogatories (see Docket No. 24, at 17). The apparently new source identified in this motion, however, was the location plaintiff identified in his earlier demands, the Fire & Safety Office at Attica. If these photographs exist, DOCS, in the Fire & Safety Office of the Attica Correctional Facility, had them. The custodian of the Attica fire and safety office's records, Thomas Durfee, however, declared that no such photographs were found after repeated inspection of his records (Docket No. 33). Plaintiff did not respond with details as to when these photographs were taken, by

4

whom or a description of the photographer, to have the Court conclude that photographs were taken but later lost or destroyed by DOCS. The response from defendant that he does not have the photographs, coupled by the records custodian's declaration under penalty of perjury that no such photographs can be found, should suffice to respond to plaintiff's demands. The Court will not order defendant to produce what he does not have and probably does not exist, see 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2213, at 426 (Civil 2d ed. 1994); Zervos v. S.S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978); La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164, 171 (D. Del. 1973) (where documents sought are shown not to be in the possession, custody, or control of party, court will not order party to be compelled to produce them).

Plaintiff now requests leave to depose record custodian Durfee upon written questions (Docket No. 34), apparently pursuant to Federal Rule of Civil Procedure 31. Under Rule 31(a)(2), a party must obtain leave of the Court "if the person to be examined is confined in prison or if, without the written stipulation of the parties." Plaintiff here is the person in confinement while the witness is a prison employee and not confined, but his place of employment restricts access. There is no stipulation on the record for such an examination. Plaintiff would have to serve a notice to defendant and the officer before whom Durfee would testify Durfee's name and address (using his known work address), and the name, descriptive title, and address of the officer before whom Durfee's deposition would be taken, Fed. R. Civ. P. 31(a)(3), see also Fed. R. Civ. P. 30(c) (officer takes deposition testimony under oath); Fed. R. Civ. P. 28(a) ("officer" defined as person authorized to administer oath in jurisdiction where deposition is to occur or person so appointed by the Court). That officer, with a copy of the

notice and plaintiff's written questions, would then ask Durfee the questions and take his testimony and prepare, certify, file or mail the deposition, Fed. R. Civ. P. 31(b); see also id. R. 31(c) (party taking deposition shall file notice of when deposition is filed).

The initial Scheduling Order in this case had discovery concluded by March 6, 2006 (Docket No. 12) and the parties stated in a May 2, 2006, conference that discovery was completed (Docket No. 30). So, if leave were granted for this written deposition, defendant would have to agree to cooperate with that production and could not be compelled to respond. Defendant is not obliged to assist plaintiff in this inquiry (for example, by providing an officer to take Durfee's testimony). Given that plaintiff is incarcerated he may have difficulties identifying an officer to take Durfee's testimony and, absent a stipulation with defendant to conduct this deposition, plaintiff's motion would require the Court to appoint an officer to conduct Durfee's examination, possibly within the Attica Correctional Facility at Durfee's work place. Plaintiff's written deposition could only probe into the thoroughness of Durfee's search of Fire & Safety Office's records, covering ground Durfee discussed in his declaration. As a result, the Court declines to grant leave, or to extend time for conducting this form of discovery, to allow plaintiff to serve written deposition upon Mr. Durfee.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion to compel defendant to produce certain photographs plaintiff believes are in the possession of authorities at the Attica Correctional


Facility (Docket No. 31) is **denied**. Plaintiff's request for leave to depose upon written questions Thomas Durfee (Docket No. 34) is also **denied**.

So Ordered.

                                                   /s/ Hugh B. Scott
                                                   Honorable Hugh B. Scott
                                                   United States Magistrate Judge

Buffalo, New York
June 16, 2006