UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WAMEL ALLAH,

                              Plaintiff,

                                                    **Hon. Hugh B. Scott**

                    v.
                                                    04CV868A

                                                    **Report
                                                    &
C.O. CRAIG YACKEREN,                                Recommendation**

                    Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 7, Order of Apr. 25, 2005).   The instant matter before the Court is remaining

defendant Craig Yackeren's motion (Docket No. 36) for summary judgment[1].

## BACKGROUND

Plaintiff, an inmate proceeding pro se, sued two Attica Correctional Facility ("Attica")

officers for one of the officers (Craig Yackeren) allegedly using a racial slur and assaulting him

---

[1]In support of his motion, defendant submits his declaration, Docket No. 38 (with
exhibits), the declarations of registered nurse Karen Sharp, Docket No. 39 (with exhibits), and
corrections officer Gregory Stachowski, Docket No. 40, a statement of undisputed facts, Docket
No. 41, memorandum of law, Docket No. 37, and attorney's reply declaration, Docket No. 48.
    In response, plaintiff submits his reply affirmation, addendum reply affirmation, and
affidavit (with exhibits), Docket No. 44; the affidavits of two inmates, Andre Muhammad,
Docket No. 45, and Terry Mathis, Docket No. 46; and a statement of disputed facts, Docket
No. 47.  Plaintiff did not submit a separate memorandum of law, cf. W.D.N.Y. Local Civ.
R. 7.1(e) (requiring in opposition to a motion for summary judgment a memorandum of law) but
his reply affirmation contains legal citations.

during a pat frisk in October 21, 2002 (Docket No. 1, Compl. at 5), allegedly in front of

corrections officer Stachowski.  Plaintiff alleged that he filed a grievance letter with defendant

Lieutenant Slawatycki (id. at appended page A).  He alleged that, as a result of a Federal Bureau

of Investigation inquiry, defendant was suspended (id. at 5).  Plaintiff claims that he suffered

from cuts and teeth marks to his lower lip, swelling and bruises and pain (id. at 5-6).  He grieved

the matter through the prison grievance process (see id. Exs. 1, 2), cf. Prison Litigation Reform

Act, 42 U.S.C. § 1997e.

The Court granted plaintiff in form pauperis status but dismissed the claims against

Slawatycki with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (Docket No. 3),

leaving Yackeren (hereinafter "defendant") as the remaining defendant.  Plaintiff later moved for

leave to amend the Complaint, to reassert claims against Slawatycki (Docket No. 17, see Docket

No. 14 (proposed Amended Complaint), but this Court denied that motion (Docket No. 25).

After the Court denied plaintiff's motions to compel production of photographs of him following

the incident (Docket Nos. 31, 35), defendant made his present motion.  The Court set a briefing

schedule, with responses to this motion due by August 18, 2006, any reply by September 22,

2006, and the motion was deemed submitted (without oral argument) as of September 22, 2006

(Docket No. 42).

*Defendant's Motion for Summary Judgment*

According to defendant's moving papers, defendant denies using a racial epithet and

assaulting plaintiff (Docket No. 38, Yackeren Decl. ¶¶ 3, 10).  Plaintiff claims that this assault

was witnessed by other inmates and by corrections officer Stachowski, but Stachowski declared

that he does not recall the pat frisk of plaintiff or that he was assaulted by defendant (Docket

2

No. 40, Stachowski Decl. ¶ 3; <u>see</u> Docket No. 38, Yackeren Decl. ¶ 5; Docket No. 41, Def.

Statement ¶¶ 7, 8, 9 (plaintiff unable to produce witnesses of incident for prison grievance)).

Plaintiff was examined by facility nurse Karen Sharp on October 31, 2002, because he

complained that he was assaulted by a corrections officer (Docket No. 41, Def. Statement ¶ 3;

Docket No. 39, Sharp Decl. ¶ 5, Ex. A, inmate injury report).  Plaintiff exhibited minor bruising

inside his lips with two teeth marks inside his lips (Docket No. 39, Sharp Decl. ¶ 6; Docket

No. 41, Def. Statement ¶ 4, Ex. A), and with only slight swelling without any open areas or

crepitis (a grinding noise that could indicate bone breakage) and his teeth closing correctly

(Docket No. 39, Sharp Decl. ¶ 6).  No medical treatment was deemed necessary (Docket No. 39,

Sharp Decl. ¶ 7; Docket No. 41, Def. Statement ¶ 5), but on plaintiff's complaint of pain he was

given an over-the-counter pain reliever (Docket No. 39, Sharp Decl. ¶ 7).  Nurse Sharp concludes

that plaintiff's injuries did not indicate that he was punched in the face (<u>id.</u> ¶ 8).

*Plaintiff's Version of Events*

Plaintiff, however, contends that defendant and other prison officers are covering up the

assault by defendant failing to file a use of force report (Docket No. 47, Pl. Statement ¶ 1),

denouncing Stachowski's declaration as being "prompted and predicated upon the code-of-

silence and his fear of retaliation from fellow correction officers at Attica Correctional Facility,

particularly the Yackeren brothers who are most feared because of the networking of their other

family members who are also correction officers at Attica Correctional Facility" (<u>id.</u> ¶ 5), citing

cases that noted the existence of a "code of silence" (<u>id.</u>).  Plaintiff contends that defendant's

declaration is contradicted by Sharp's declaration (<u>id.</u> ¶ 2 (comparing Docket No. 38, Yackeren

Decl. with Docket No. 39, Sharp Decl. ¶ 3).  But Sharp's declaration stated "it is my

understanding that plaintiff Wamel Allah (77-B-0684) alleges that he was punched in the face by

Officer Yackeren on October 31, 2002," (Docket No. 39, Sharp Decl. ¶ 3), merely repeating

plaintiff's allegation.

Plaintiff submits affidavits from two inmates who testify generally to random pat frisks

that occurred during their stays at Attica (Docket No. 47, Pl. Statement ¶ 2; Docket No. 45,

Muhammad Aff. ¶ 3; Docket No. 46, Mathis Aff. ¶¶ 4-6), which defendant denied performing

(see Docket No. 38, Yackeren Decl. ¶ 6).  But Muhammad refers to incidents that occurred in

Attica in 1993-95 (Docket No. 45, Muhammad Aff. ¶ 3; see Docket No. 44, Pl. Addendum Reply

Affirm. ¶ 7), almost a decade prior to this incident.  Muhammad also states that he is familiar

with defendant and his brother and their alleged proclivity to assault inmates (Docket No. 45,

Muhammad Aff. ¶¶ 4-6).  Similarly, Mathis attests to assaults he received while at Attica in

1990-92 and his familiarity with the Yackeren brothers (Docket No. 46, Mathis Aff. ¶¶ 4, 5-6).

Neither witness, however, state that they saw plaintiff's particular 2002 incident (see Docket

No. 48, Def. Atty. Reply Decl. ¶ 9).

Plaintiff accuses Sharp of falsifying the inmate injury report (Docket No. 47, Pl.

Statement ¶ 4).  Plaintiff points out inconsistencies between defendant's declaration and his

responses to plaintiff's prison grievance (id. ¶¶ 6, 7), raising what plaintiff believes are material

issues of fact.

## DISCUSSION

I.      Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c).   The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354.  "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997).  While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

II.     Use of Force

A violation of the Eighth Amendment's prohibition against cruel and unusual punishment occurs when "unnecessary and wanton infliction of pain occurred." Whitley v. Albers, 475 U.S. 312, 319 (1986).  Complaints need to be "sufficiently serious" to be cruel and unusual. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  This standard has an objective and subjective component. Whether the use of force creates an injury that would constitute cruel and unusual punishment is

determined by whether the force was applied in a good faith effort to maintain discipline or was used maliciously and sadistically to cause harm.  <u>Whitley</u>, <u>supra</u>, 475 U.S. at 320-21.

III.     Application

    A.     Was Plaintiff Assaulted?

Defendant contends that, in the absence of evidence to substantiate plaintiff's bare allegations, summary judgment dismissing his claim is warranted (Docket No. 37, Def. Memo. at 2-4).  He emphasizes that there is no documentary evidence to support plaintiff that he was assaulted.  Alternatively, if plaintiff was assaulted on October 31, 2002 (despite the fact that his injuries do not indicate being punched), he suffered only <u>de minimus</u> injuries that do not rise to the level of an Eighth Amendment violation (<u>id.</u> at 5-7), <u>Ramano v. Howarth</u>, 998 F.2d 101, 105 (2d Cir. 1993); <u>see</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 9-10 (1992) (the Eighth Amendment excludes from constitutional recognition "<u>de minimus</u> uses of physical force").

Plaintiff, on the other hand, argues that he was assaulted and that his injuries were not <u>de minimus</u> and constituted cruel and unusual punishment (Docket No. 44, Pl. Reply Affirm. ¶ 4). He claims that he suffered cuts and lacerations inside his lower lip and excruciating pain, but was only administered Motrin (<u>id.</u>, Pl. Reply Affirm. ¶¶ 5, 6; Ex. 2, Inmate Injury Report; <u>see also</u> Docket No. 39, Sharp Decl. Ex. A, Inmate Injury Report (same document)), <u>see</u> <u>Hudson</u>, <u>supra</u>, 503 U.S. at 10 (assault on inmate causing broken dental plate, loosened teeth, bruises and swelling held to constitute Eighth Amendment violation) (cited by plaintiff, Docket No. 44, Pl. Reply Affirm. ¶ 7).  Plaintiff rests upon the inmate injury report as concluding that he was injured (Docket No. 44, Pl. Addendum Reply Affirm. ¶ 5) and an undisclosed FBI report that he wants a subpoena to have produced (<u>id.</u> Pl. Reply Affirm. ¶ 11).  To explain the lack of

documentation, plaintiff contends that no use of force report was generated as part of a cover up of the incident (Docket No. 47, Pl. Statement ¶ 1), and he did unsuccessfully seek production of photographs he believed were taken after the incident (Docket Nos. 31, 35).

The only evidence that plaintiff was assaulted, however, was his own word, either in the Complaint, prison grievance, the inmate injury report, or his ambulatory health record (see Docket No. 39, Sharp Decl., Ex. A, Ambulatory Health Record) when plaintiff sought treatment. Plaintiff's supporting affidavits from fellow inmates are not from persons who saw the incident in question and do not even testify to practices in 2002 when the incident occurred.  The one corrections officer plaintiff claims witnessed the incident denies recalling it and denies defendant striking plaintiff (Docket No. 40, Stachowski Decl. ¶ 3).  The inmate injury report states at the question of "cause of injury" the answer in quotes "'assaulted by C.O.'" (e.g., Docket No. 39, Sharp Decl. Ex. A; see also id. Ex. A, Ambulatory Health Record (reporting same regarding cause)).  Both reports indicate what plaintiff claimed was the source of his injury, being assaulted by an unnamed corrections officer.  The injuries manifested in the inmate injury report plaintiff relies upon do not indicate that he was punched, since the treating nurse concluded that they would not be "so insignificant" (Docket No. 39, Sharp Decl. ¶ 8) if he were punched, which plaintiff has not countered (for example with medical expert on the type of injuries that a punch as plaintiff describes would inflict).  Plaintiff is incorrect to state that the extent of his injuries are not determinative (cf. Docket No. 44, Pl. Reply Affirm. ¶ 10), see Farmer, supra, 511 U.S. at 834.  Plaintiff requests a subpoena duces tecum be served upon special FBI agent Aaron Hanes (or Hanen, plaintiff uses both names) to produce a document that supports plaintiff's claims (see id., Pl. Reply Affirm. ¶ 11).  But the documents plaintiff submitted in response to this motion

7

from the United States Department of Justice and the Federal Bureau of Investigation relative to this incident conclude that the Department of Justice found no prosecutable violation of federal civil rights laws and closed its investigation (id., Pl. Aff. Ex. 8; Docket No. 38, Yackeren Decl. ¶ 8, Ex. B (same); Docket No. 48, Def. Atty. Reply Decl. ¶ 7; cf. Docket No. 41, Pl. Aff. Ex. 6 (plaintiff identifies as Hanes's report, but document is CORC denial of plaintiff's prison grievance, Jan. 2, 2003)).  Had plaintiff produced the Hanes document and if it said what plaintiff contends, he may have raised a material issue of fact.  Absent that, or other proof beyond his own statements, plaintiff fails to establish a material issue of fact as to whether he was punched by defendant.  Plaintiff also has not filed an affidavit under Rule 56(f) contending that he could not respond to defendant's motion due to this outstanding discovery (such as the Hanes document).

Plaintiff claims that defendant's declaration in support of this motion is inconsistent with defendant's prior statements in the prison grievance (Docket No. 47, Pl. Statement ¶¶ 6, 7), in particular, that plaintiff told defendant and another corrections officer that he would do anything to get out of Attica's A-Block.  This particular discrepancy, however, is not material to this case; what is material (and what defendant has been consistent in stating, see Docket No. 44, Ex. S, Memo from Yackeren to Sgt. Cheney, Nov. 2, 2002) is that Yackeren consistently denied assaulting plaintiff (see Docket No. 38, Yackeren Decl.).

Plaintiff argues that there is a cover up and a "code of silence" among corrections officers to show the absence of proof for this incident.  (Docket No. 47, Pl. Statement ¶ 5[2].)  Plaintiff

---

[2]Citing In re Matter of Brian Malone, 65 N.Y.2d 772, 492 N.Y.S.2d 947 (1995) (Meyer, J., dissenting); Jeffes v. Barnes, 20 F. Supp. 2d 404, 411-13 (N.D.N.Y. 1998) (Schenectady County Jail); see In re Malone, 105 A.D.2d 455, 480 N.Y.S.2d 603 (3d Dep't 1984) (reference to "code of silence" among corrections officers in Downstate Correctional Facility).
.

urges the Court to take judicial notice of the code of silence among corrections officers (Docket No. 44, Pl. Addendum Reply Affirm. ¶ 8). One case he cites, <u>Jeffes</u>, involved a county jail and not a state facility, 20 F. Supp. 2d at 407-08, where plaintiff, a corrections officer, reported prison conditions to a federal investigation and then faced retaliation by his supervisor through his coworkers, <u>id.</u> at 409, 412-13. The <u>Jeffes</u> court found that issues of fact precluded summary judgment on defendants' motivation for these actions, <u>id.</u> at 413, without making any reference to a "code of silence". Another case, <u>In re Malone</u>, <u>supra</u>, 105 A.D.2d 455, 480 N.Y.S.2d 603, involved another state correctional facility and not Attica.

Plaintiff, however, wishes this Court to accept these cases as precedent and leap to taking judicial notice of a similar "code of silence" within state facilities generally among officers who fear retaliation (<u>id.</u> n.1). Plaintiff, however, makes unsubstantiated allegations as to a cover up and does not provide enough evidence for this Court to take judicial notice of a code of silence in Attica at the time of the incident (for example, showing proof of any threatened retaliation against Stachowski if he were to testify as plaintiff believes), <u>see</u> Fed. R. Evid. 201(b) (judicially noticed fact must not be one subject to reasonable dispute), (d) (mandatory judicial notice only when Court is supplied with necessary information). He alleges a particular code of silence involving defendant's brothers in the Attica Correctional Facility without substantiation. Plaintiff does not cite to evidence of this code of silence applying here. Therefore, plaintiff fails to establish a material issue of fact regarding a cover up or a "code of silence" to preclude summary judgment here.

B.      Were Plaintiff's Injuries More than <u>De Minimus</u>?

Plaintiff discusses the scope of his injury (Docket No. 44, Pl. Reply Affirm. ¶ 10), but the cases he cites discuss injury for Eighth Amendment cruel and unusual punishment purposes as well as under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), where the PLRA is a screening device Congress enacted to limit frivolous prisoner suits by restricting emotional damage claims absent a prior showing of a physical injury.  <u>Compare Hudson</u>, <u>supra</u>, 503 U.S. at 7; <u>Northington v. Jackson</u>, 973 F.2d 1518, 1523 (10th Cir. 1992); <u>Wafford v. Bruce</u>, 126 F. Supp. 2d 425, 427 (E.D. Va. 2001) (on motion to dismiss, holding plaintiff alleging bruising, scarring and swelling from jail guard assault asserts more than <u>de minimus</u> injury for his § 1983 claim) <u>with</u> <u>Romaine v. Rawson</u>, 140 F. Supp. 2d 204, 214 (N.D.N.Y. 2001) (PLRA case); <u>Luong v. Hatt</u>, 979 F. Supp. 481 (N.D. Tex. 1997); <u>Waters v. Andrews</u>, No. 97CV407, Report & Recommendation, 2000 WL 1611126, at *7 (W.D.N.Y. Sept. 15 2000) (Foschio, Mag. J.), <u>adopted</u>, 2000 WL 1611126, at *1 (W.D.N.Y. Oct. 16, 2000) (Arcara, J.).  While both the constitutional and statutory standards refer to physical injury, that injury is being considered for two different purposes.  Under the Eighth Amendment, the physical injury results from the use of force that was "'repugnant to the conscience of mankind,'" <u>Hudson</u>, <u>supra</u>, 503 U.S. at 10 (quoting <u>Whitley</u>, <u>supra</u>, 475 U.S. at 327, quoting in turn <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)), while for an inmate to have a money damage claim under the PLRA for emotional injuries, the physical injury is required to have the Court compensate the emotional injury claim. Only the former, Eighth Amendment standard need be applied here.  Even accepting plaintiff's allegation that he was punched (which the Court need not for a summary judgment motion), the

evidence presented of plaintiff's injuries from that blow do not constitute a use of force that is

repugnant to the conscience of mankind to constitute an Eighth Amendment violation.

      C.      Use of Racial Epithet

      Plaintiff included with his first claim that defendant used a racial slur before punching

plaintiff (Compl. at 5).  Defendant denies using that slur (Docket No. 38, Yackeren Decl. ¶¶ 3,

10).  He concludes that, even if he said a racial epithet to plaintiff, such a statement does not rise

to the level of an Eighth Amendment violation (Docket No. 37, Def. Memo. at 7-8), Brown v.

Croce, 967 F. Supp. 101, 104 (S.D.N.Y. 1997) (use of same racial slur, coupled with two slaps of

plaintiff's face, does not form a basis for a § 1983 claim); Wright v. Santory, 714 F. Supp. 665,

667 (S.D.N.Y.) (racially discriminatory statement not connected with physical injury is not

actionable under § 1983), aff'd mem., 891 F.2d 278 (2d Cir. 1989).  Profanity, without an

allegation of physical injury or damage resulting from it use, does not state a claim under

42 U.S.C. § 1983, see Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986).  Plaintiff's response

does not contest the viability of this claim.  Therefore, even if the epithet was said, it is not

actionable in this action.

<u>**CONCLUSION**</u>

      Based upon the above, it is recommended that defendant Craig Yackeren's motion

(Docket No. 36) for summary judgment be **granted and this action be dismissed**.

      Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the

Report & Recommendation to all parties.

11

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_____
/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       September 27, 2006

13